UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO BATISTA SANTILLANA, A-244-224-961,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-05396-TLN-CKD P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner Roberto Batista Santillana is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition, respondent's answer, and petitioner's additional exhibits submitted in reply are before the court. (ECF Nos. 1, 6, 7.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and the court's minute order dated July 15, 2026. (ECF No. 3.) For the reasons set forth below, the undersigned recommends the court grant the petition to the extent that respondents be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a citizen and native of Cuba who applied for admission to the United States on or about October 16, 2023, as part of the CBP One Program. (ECF No. 6-1 at 1.) He was

served a notice to appear and released on parole by immigration authorities. (Id.)

On September 26, 2025, petitioner was arrested for domestic violence and aggravated assault with a deadly weapon. (ECF No. 6.-2.) No charges were filed because "the victim has not responded to the State's requests to assist in the prosecution of [the] case." (ECF No. 6-3.) Petitioner has been detained in custody of immigration officials since September 29, 2025. (ECF No. 6-1 at 3.)

On March 10, 2026, petitioner was ordered removed to Cuba. (ECF No. 6-4 at 1-4.) Petitioner filed an appeal to the Board of Immigration Appeals (BIA) for which briefing was due on June 22, 2026. (Id. at 5-7.)

In the pending petition, petitioner claims he is entitled to relief for violation of his due process rights under the framework of Zadvydas v. Davis, 533 U.S. 678 (2001). (ECF No. 1, generally.) Petitioner alleges, in relevant part, that Cuba has no repatriation treaty with the United States and no alternate country has been designated for his removal. (Id. at 6.) Petitioner requests immediate release from custody. (Id. at 7.)

Respondents filed an answer to the petition. (ECF No. 6.) Respondents contend petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (ECF No. 6 at 1-2.) Respondents argue petitioner has no right to freedom from immigration detention in any other form than that provided by Congress, and thus that the petition should be denied. (Id. at 2.) Should the court determine the detention authority is 8 U.S.C. § 1226, however, respondents do not oppose the court ordering a bond hearing and request a 14-day period for the hearing to be held. (Id. at 1.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

////

### III. Discussion

At the outset, petitioner is not entitled to release under the framework of Zadvydas, which set limits on the prolonged detention of noncitizens who are subject to final removal orders. See 533 U.S. at 689. In Zadvydas, the Supreme Court held the Constitution demands that post-removal detention under 8 U.S.C. § 1231 be limited to a period reasonably necessary to bring about a noncitizen's removal from the United States. 533 U.S. at 689. Here, petitioner is not detained under § 1231—the statute at issue in Zadvydas—because his order of removal is still on appeal to the BIA and is not yet administratively final. See 8 U.S.C. § 1231 (a)(1)(B)(i) (indicating the removal period of § 1231(a)(1) begins no sooner than the date the order of removal becomes administratively final).

However, by not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights. Petitioner was living in the United States when he was detained on September 29, 2025, and thus the applicable detention authority is 8 U.S.C. § 1226. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); accord Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1278-81 (11th Cir. 2026) (holding § 1226 supplies the default rule of detention for a [a noncitizen] arrested and detained in the interior); Castañon-Nava v. DHS, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland,

53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

Rather than a bond hearing, petitioner seeks outright release from custody. Petitioner has a liberty interest in his continued freedom as he was previously released into the United States by immigration officials. See Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026); Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025); see also Zadvydas, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."). To determine what procedure was due, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation is also considerable because petitioner was previously released into the United States by immigration officials, meaning immigration officials determined at that time he did not pose a risk of flight or danger to the community based on an individualized assessment of his circumstances. See Pinchi v. Noem, 792 F. Supp. 3d at 1034 (explaining that a petitioner's "release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community").

However, respondents may have a legitimate interest in petitioner's detention based on the events that led to his arrest in September 2025, notwithstanding the fact that no criminal charges were filed. Thus, while an order of immediate release may sometimes be appropriate when the government has failed to provide a pre-deprivation hearing, upon balance of the equities and the public interests in this case, an order to provide petitioner a post-deprivation bond hearing is an appropriate remedy. See Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly

released on his own recognizance and detained by ICE after an arrest for aggravated battery, because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); J.S.H.M. v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025) (ordering bond hearing where there was a dispute of fact as to whether violations of release terms occurred and ICE's reliance upon those violations was not obviously pretextual).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted in part.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 29, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sant5396.mer