UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTO BATISTA S.,[1]

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.

Respondents.

No. 1:26-cv-05396-TLN-CKD

A# 244-224-961

**ORDER**

Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 29, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 8.) Respondents filed objections to the findings and recommendations arguing that Petitioner is not in the category

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

of detainees described in *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), because Petitioner was paroled into the United States. (ECF No. 9 at 1.) This objection is without merit. *Rodriguez Vazquez* holds that "[noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not 1225(b)(2)(A)." 2026 WL 2196424 at *3. According to the government's documents, Petitioner's "immigration status is Inadmissible [Noncitizen]" (ECF No. 6-1 at 1) and the basis for his removal order is that he is "inadmissible" by reason of lacking certain required documentation (ECF No. 6-4 at 1 (citing § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act)). As Petitioner is a noncitizen without admission who was detained in the interior of the United States, he is squarely within the *Rodriguez Vazquez* class and subject to 8 U.S.C. § 1226(a).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having reviewed the file, the Court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 8) are ADOPTED in full as set forth below.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Respondents are ENJOINED from continuing to detain Petitioner Roberto Batista S. (A# 244-224-961) for more than **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to justify Petitioner's ongoing detention through a showing by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the

factfinder at the hearing.

4. **Within five (5) court days from the date of the bond hearing, Respondents must file a notice of compliance with this provision of the Court's Order** confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

5. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents show by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: August 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE